Mosquera Tello v. Blanche

BIA
Lazare-Raphael, IJ
A220 999 566/567/568/569

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

EDWIN FERNANDO MOSQUERA
TELLO, MONICA AZUCENA SALAZAR
SALINAS, C.T.M.S., A.F.M.S.,*
> *Petitioners*,

v.                                                          **24-174**
                                                            **NAC**

TODD BLANCHE, ACTING UNITED

_____

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**STATES ATTORNEY GENERAL,**
        *Respondent.*

_____

FOR PETITIONERS:               Michael Borja, Borja Law Firm, P.C., Jackson
                               Heights, NY.

FOR RESPONDENT:                Brian Boynton, Principal Deputy Assistant
                               Attorney General; Shelley R. Goad, Assistant
                               Director; Russell J.E. Verby, Senior Litigation
                               Counsel, Office of Immigration Litigation,
                               United States Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Edwin Fernando Mosquera Tello, Monica Azucena Salazar

Salinas, and their children, natives and citizens of Ecuador, seek review of a

December 18, 2023, decision of the BIA affirming an October 3, 2022, decision of

an Immigration Judge ("IJ") denying their applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). *In re Edwin*

*Fernando Mosquera-Tello, et al.*, Nos. A220 999 566/567/568/569 (B.I.A. Dec. 18, 2023),

*aff'g* Nos. A220 999 566/567/568/569 (Immigr. Ct. N.Y.C. Oct. 3, 2022). We assume

the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law de novo. *See KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Petitioners have abandoned their asylum, withholding, and CAT claims by not challenging the dispositive grounds for the agency's denial of relief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). In short, Petitioners' brief improperly restates claims for asylum and withholding of removal based on particular social groups they did not assert before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015). Moreover, it does not identify legal or factual errors in the agency's decisions or cite the record. *See* Fed. R. App. P. 28(a)(8)(A) (explaining that an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the

3

authorities and parts of the record on which the appellant relies").

As to withholding and CAT, Petitioners erroneously argue that the agency applied incorrect legal standards. For example, Petitioners' counsel, Michael Borja, argues that a different, lower standard applies to Petitioners' withholding claims. But we have long held that the "one central reason" standard for asylum also applies to withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 105–06, 109–14 (2d Cir. 2022). Additionally, we have rejected as unsupported and insufficiently argued Mr. Borjas' argument that CAT relief does not require government acquiescence. *See, e.g., Guarchaj-Guachiac v. Blanche*, No. 24-128, 2026 WL 1210065, at *2 (2d Cir. May 1, 2026) (summary order).

Petitioners have therefore abandoned review of their asylum, withholding, and CAT claims. *See Debique*, 58 F.4th at 684–85. Given the defects in briefing by Petitioners' counsel, Michael Borja, a copy of this order will be forwarded to this Court's Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4